UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Faroulh Dorlette,

      Plaintiff,

      v.                              Civil Action No. 2:17–cv–203–cr–jmc

Jason A. Richardson,
Correctional Officer,
Northern State Correctional Facility,

      Defendant.

**REPORT AND RECOMMENDATION**
**AND**
**ORDER**
(Docs. 10, 21)

Plaintiff Faroulh Dorlette, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against Defendant Jason Richardson, a correctional officer at Northern State Correctional Facility. (Doc. 13 at 2, ¶¶ 6, 7.) Dorlette alleges in his Amended Complaint that, while he was in the custody of the Vermont Department of Corrections (DOC), Richardson uttered racial invectives at Dorlette in violation of the Equal Protection Clause and that, after Dorlette protested, Richardson filed two false disciplinary reports against Dorlette in violation of the Due Process Clause and the First Amendment. (*Id.* at 3–4, ¶ 17–28.) In addition to these constitutional claims, Dorlette raises a host of allegations based on Vermont state law. (*Id.* at 7–10, ¶¶ 52–81.) Dorlette seeks monetary damages in the form of compensatory, punitive, and nominal damages. (*Id.* at 12.)

Presently before the Court are Richardson's Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6), (Doc. 10), and Dorlette's Motion to Amend his Complaint for a second time. (Doc. 21.) For the reasons set forth below, I recommend that Richardson's Motion to Dismiss be DENIED as moot. Furthermore, and again for the reasons set forth below, Dorlette's Motion to Amend his Amended Complaint is GRANTED.

## Factual and Procedural Background

On October 20, 2017, Dorlette filed his initial Complaint in this matter, solely alleging that, based on the events described above, Richardson violated Dorlette's rights under the Equal Protection Clause and the First Amendment. (Doc. 5 at 4.) In response, on January 19, 2018, Richardson filed his Motion to Dismiss for Failure to State a Claim, one of the motions that is presently before this Court. (*See generally* Doc. 10.) Subsequently, on March 1, 2018, Dorlette filed an Amended Complaint, bringing several additional claims against Richardson, including an allegation under the Due Process Clause and a number of state law claims. (Doc. 13 at 3–6, ¶¶ 11–41; *id.* at 7–10, ¶¶ 52–81.) Prior to Richardson responding to this Amended Complaint, on April 9, 2018, Dorlette sought leave to amend his complaint for a second time, (Doc. 21), this second Motion to Amend is also before this Court. On April 30, 2018, Richardson filed an Answer to Dorlette's Amended Complaint wherein Richardson asserted, among other defenses, failure to state a claim upon which relief can be granted. (Doc. 26 at 8–9.)

## Analysis

I. **Motion to Dismiss for Failure to State a Claim**

As described above, Richardson filed his Motion to Dismiss for Failure to State a Claim prior to Dorlette filing his Amended Complaint. Thus, Richardson's initial Motion to Dismiss should be dismissed as moot.

"It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Thompson v. Pallito*, 949 F. Supp. 2d 558, 582 (D. Vt. 2013) (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)). As a result, "motions addressed to the original complaint are generally regarded as moot upon the filing of an amended complaint." *Id.* In some circumstances, a Court may choose to consider the merits of the initial Motion to Dismiss "in light of the amended complaint." *Id.* (quoting *In re Colonial Ltd. P'ship Litig.*, 854 F. Supp. 64, 80 (D.Conn.1994)). Here, however, Dorlette has added a number of claims to his Amended Complaint, including additional constitutional claims and state law claims. (Doc. 13 at 3–6, ¶¶ 11–41; *id.* at 7–10, ¶¶ 52–81.) As a result, Richardson's Motion to Dismiss does not address all of the claims raised by Dorlette. *See Given v. Rosette*, No. 15–cv–101–jgm, 2015 WL 5177820, at *1 (D. Vt. Sept. 4, 2015) ("Where Plaintiffs have substantially bolstered their factual allegations through amendments to the complaint, it makes little sense for the Court to assess those claims based on briefing that does not consider the additions.").

3

Accordingly, I recommend that Richardson's Motion to Dismiss be denied as moot.

## II.   Motion for Leave to Amend

In the second motion before this Court, Dorlette seeks leave to amend his Amended Complaint in order to pursue his claims against Richardson in his personal capacity, in addition to the official-capacity claims. (Doc. 21 at 1.)

Rule 15(a)(2) permits a party to amend a pleading upon the written consent of the opposing party or by leave of court, and states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave should be denied only where amendment would be futile, where it is sought in bad faith, or where it would prejudice the opposing party." *AIU Ins. Co. v. Mitsui O.S.K. Lines, Ltd.*, 897 F. Supp. 724, 726 (S.D.N.Y. 1995).

Here, Dorlette's amendment is not futile at this stage of the proceedings; under 42 U.S.C. § 1983, the distinction between an official-capacity suit and personal-capacity suit implicates the causes of action that may be sustained by Dorlette and the defenses that may be raised by Richardson. *See Hafer v. Melo*, 502 U.S. 21, 27–30 (1991) (holding state officers sued in their individual capacities are persons under § 1983). Further, no evidence demonstrates that Dorlette sought this second amendment in bad faith or that such an amendment would prejudice Richardson. In fact, rather than opposing Dorlette's Motion to Amend, Richardson filed an Answer on April 30, 2018. (Doc. 26); *cf. AIU Ins. Co.*, 897 F. Supp. at 726 ("Defendant's motion to amend its answer is unopposed, so leave to amend is

granted."). Finally, as required by Rule 15(a) of this Court's Local Rules of Procedure, Dorlette has properly filed a proposed amended complaint with his Motion to Amend. (Doc. 21-1); *see* D. Vt. L.R. 15(a).

As a result, Dorlette's Motion to Amend his Amended Complaint (Doc. 21) is GRANTED.

## Conclusion

Based on the foregoing, I recommend that the Court DENY Richardson's Motion to Dismiss (Doc. 10), as the Second Amended Complaint makes the motion moot.

Further, Dorlette's Motion to Amend his Amended Complaint (Doc. 21) is GRANTED. Whereas Richardson has been served with the Amended Complaint (Doc. 13-1) and an Answer to the Amended Complaint has been filed, (Doc. 26), the parties shall file a Stipulated Discovery Schedule that conforms with the deadlines and format set forth in Local Rule of Procedure 26(a); otherwise, this case could be placed on a master calendar ready for trial. (*See also* Doc. 15.)

Dated at Burlington, in the District of Vermont, this 10th day of May 2018.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).